UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
SALVATORE CANDELA,

                    Petitioner,

    -against-

UNITED STATES OF AMERICA,

                    Respondent.
------------------------------------------------------X

**MEMORANDUM & ORDER**

95 CR 438

DEARIE, District Judge.

      Petitioner, pro se, moves pursuant to Federal Rules of Civil Procedure 60(b) for relief from this Court's judgment and for re-sentencing consistent with United States v. Booker, 543 U.S. 220 (2005). For the reasons set forth below, relief is denied.

## Background

      On August 2, 1996, petitioner was convicted by a jury of conspiracy, robbery and related firearms offenses, possession of stolen goods, and numerous narcotics offenses. He was sentenced to concurrent terms of 262 months in prison on the conspiracy, robbery, stolen goods, firearms dealing, and narcotics counts. In addition, he was sentenced to consecutive terms of five years, 20 years and 20 years for the robbery-related firearms offenses.

      Petitioner appealed, claiming that there was insufficient evidence to support his conviction for using a gun in connection with one of the robberies, that this Court erred in determining that petitioner acted as an organizer or leader within the meaning of United States Sentencing Guideline § 3B1.1, and that due process required the dismissal of the charges because of the government's outrageous conduct during the investigation. On April 19, 2000, the Second Circuit affirmed the conviction by summary order.

On March 15, 2001, petitioner timely filed a petition pursuant to 28 U.S.C. § 2255 seeking relief largely on the ground that he received ineffective assistance of trial counsel. In addition, petitioner claimed that this Court erred in failing to conduct a hearing pursuant to United States v. Curcio, 680 F.2d 881 (2d Cir. 1982) to explore an alleged conflict of interest of trial counsel and claimed that Juror Number Six, a student at New York Law School, was improperly empaneled. By motion dated February 3, 2003, petitioner sought to amend the petition to include a claim of ineffective assistance of appellate counsel and made additional claims that counsel was absent during the trial without his consent and that the substituted counsel labored under a conflict of interest. By Memorandum and Order dated January 24, 2005, this Court denied relief, dismissed the petition, and declined to issue a certificate of appealability. Petitioner filed a notice of appeal. It appears that the appeal is presently pending in the Second Circuit.

On December 8, 2005, petitioner filed the instant motion which he styled as a Rule 60(b) application. The motion is in substance another petition for relief pursuant to 28 U.S.C. § 2255. Cf. Gonzalez v. Crosby, 125 S.Ct. 2641 (2005) (Rule 60(b) motion raising claim for relief from judgment of conviction based on change of law constitutes successive § 2254 petition). However, because petitioner's appeal is pending, the instant application is not "second or successive" within the meaning of § 2255. See Whab v. USA, 408 F.3d 116, 118 (2005). Moreover, Second Circuit case law suggests that this Court is not required to treat the application as a motion to amend. See Id. at 119 (where two petitions are not before the district court simultaneously, the court need not be instructed to treat new petition as motion to amend initial petition). Assuming this Court may consider the merits of the application, see Mumin v. United

2

States, 2005 WL 2452545, *1 (S.D.N.Y. Oct. 5, 2005) (district court considered application made after petitioner purported to file notice of appeal from order denying prior Section 2255), the application is denied. Booker "does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that Booker issued." Guzman v. United States, 404 F.3d 139, 144 (2005). In the alternative, in accordance with Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002), the claim is denied as beyond the scope of Rule 60(b).

SO ORDERED.

Dated: Brooklyn, New York
May __, 2006

RAYMOND J. DEARIE
United States District Judge