9589 0710 5270 1618 6249 37

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 16 2024 ★
BROOKLYN OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

UNITED STATES OF AMERICA, )
)
V. ) criminal no. 1:95-cr-00438-RJD
)
SALVATORE CANDELA, )
    Defendant. )

## MOTION FOR SENTENCE REDUCTION UNDER 3582(c)(2)
## PURSUANT TO AMENDMENTS 782 & 788

NOW COMES before the Court, petitioner, Salvatore Candela, hereafter ("Candela"), pro se, asks this Court to liberally construe this motion pursuant to Haines v. Kerner, 404 U.S. 519 (1972).

Candela requests that his sentence be reduced based on changes to the United States Sentencing Guidelines, ushered in by the Sentencing Commission's Amendments 782 (2014) & 788 (2015).

### INTRODUCTION

In 1999, Candela was convicted after trial of Hobbs Act Robbery and other crimes, including four (4) counts of drug trafficking conspiracy. Candela was sentenced to 802 months, with two-thirds (forty-five years), attributed to three stacked §924(c)'s, and the remaining 262 months for the additional charges.

On November 1, 2014, the United States Sentencing Commission's Amendment §782, or ("drug's minus two"), that reduced by two levels, drug quantities that trigger the statutory mandatory minimum penalties in §2D1.1. In 2015, Amendment §788 made it retroactive.

Though Candela qualified for relief under the Amendment, his §924(c) convictions prevented him from obtaining relief.

REC'D IN PRO SE OFFICE
APR 16 '24 PM4:47

On February 14, 2022, this Honorable Court reduced Candela's sentenced to 480 months, via the First Step Act of 2018, based on the recent outlawing of stacked §924(c)'s, via §3582(c)(1)(A).

Candela now requests that this Court reduce his 262 month sentence, in accordance with Amendment §782 & 788.

In cases that involve a change to the Guideline Manual, that subsequently lowers a defendant's guideline range, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. §3582(c)(2). This Court has authority to rule on this motion.

## ARGUMENT

Candela's 1999 conviction was for his role as a member of a crew that hijacked & robbed cigarette trucks for the Gambino crime family. For his part in the subsequent armed robberies, of the cigarette company and other businesses, and various drug trafficking and firearm-related crimes, spanning from 1991 -to - 1994.

Based off the above-mentioned crimes, the United States handed down a 34-count indictment, 9 of which, Candela was acquitted. Of the crimes Candela was found guilty, by trial, several were drug-related, including §841(b)(1)(A) & (b)(1)(B), both of which, had their guideline ranges lowered by Amendment §782.

In Dillon v. United States, 560 U.S. 817, 827, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010), a district court is required to "determine the amended guideline range that would have been applicable to the defendant 'had the relevant amendment been in effect at the time of the initial sentencing'" and the Court shall "leave all other guideline application decisions unaffected."

In short, Candela's 262-month sentence can be lowered by this Court, to reflect the changes ushered in by amendment §782 and made retroactive by amendment §788.

In this Circuit's Rivera, the Court ruled; "A retroactive amendment merely authorizes a reduction in sentence; it does not require one...a judge must consider not only the traditional sentencing factors set forth in 18 U.S.C. $3553(a), but also the

...post sentencing behavior of the defendant..." (quoting <u>United States v. Rivera</u>, 662 F. 3d. 166, 170 (2d Cir. 2011).

§3553(a) factors

Mr. Candela is 61 years old. In 2017, the Sentencing Committee released a study titled "the Effects of Aging on Recidivism Among Federal Offenders." In it, the Commission found: ("Older offenders were substantially less likely than younger offenders to recidivate following release...13.4 percent of offenders age 65 or older at the time of release were rearrested [.]"). In the 2016 version of the same study (March 2016)(federal offenders released after age sixty had lowest recidivism rate of 16%, as compared with 67.6% in offenders uder age twenty-one).

Candela has completed several educational courses over his almost-30 years of incarceration, to include:
- Basic French
- Beginner's < advanced Yoga
- He's gotten his GED
- Stocks, Bonds and Trade Analysis
- NRDAP
- Real Estate basics

And a laundry-list of wellness programs. Candela has also worked in the Petersburg Plumbing department for the last 18 months. But most impressive is Mr. Candela's spiritual developement. Not only has Candela turned his life over to God, as a devout member of the Christian/Messianic community, and has written and published a faith-based book, titled "Hidden Diamond" (sold on Amazon books), and is in the process of finishing up his second, titled "The will of God for his bride; On Earth as it is <u>in Heaven</u>".

Lastly, because of Candela's crimes, he will likely be deported back to Italy, where he will spend as much time as he can with his 83 year old mother and his 6 siblings, along with a host of grandchildren and great neices and nephews.

Candela poses no further threat to society.

## RELIEF REQUESTED

Mr. Candela requests that this Court reduce his guideline range by 2 levels. For his non-924(c) counts, Candela's 262 month sentenced were based off sentencing guideline range of 39, Criminal History Category level 1 - 262-327 months. A 2-level reduction would put him at a level 37, 210-262 months. Candela asks this Court to follow it's original line of reasoning and modify Candela's sentence, reducing it to the low end of guideline range 37, to 210 months, for the non-924(c) counts.

## CONCLUSION

Mr. Candela prayeth that this Honorable Court grant the relief sought, and reduce the non-924(c) portion of his sentence, leaving "all other guideline application decisions unaffected." (quoting U.S.S.G. §1B1.10(b)(1)).

Mr. Candela has an elderly mother, aging siblings and a host of grandchildren awaiting his release. After almost 3 decades, Candela is not the same man he once was. No longer a hot-headed young rambunctious ruffian, this time, and his walk with God has tempered him. Humbled him. All he asks, is to be released to his family to help make a change with the next generation. All he asks is for the chance to lead the youth of his community towards a better path, so that none have to travel the road he's had to endure. Thank you for your time.

Respectfully Submitted,

Salvatore Candela, pro se,
Inmate#15759054
FCC Petersburg
P.O. Box 1000
Petersburg, VA 23804

CERTIFICATE OF SERVICE

I, Salvatore Candela, declare under the penalty of of perjury pursuant to 28 U.S.C. §1746, that on April 10, 2024 I placed a true and correct copy of the attached "Motion for Sentence Reduction Under §3582(c)(2) Pursuant to Amendment 782 & 788" in the Petersburg Medium Mailbox to the following party:

Patricia E. Notopoulus
United States Attorney's Office
Criminal Division
225 Cadman Plaza East
Brooklyn, NY 11201

_____
Salvatore Candela, pro se,
Inmate# 15759-054
FCC Petersburg
P.O. Box 1000
Petersburg, VA 23804

Candela Salvatore
No.# 15759-054
Federal Corretional Complex Medium
P.O.Box 1000
Petersburg, VA 23804
United States



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 16 2024 ★

BROOKLYN OFFICE

**Retail** 

| | |
|---|---|
| 11201 | U.S. POSTAGE PAID<br>FCM LETTER<br>PETERSBURG, VA 23803<br>APR 12, 2024<br>**$0.00**<br>R2304M111467-06 |

**RDC 99**



⇨ 15759-054 ⇦
Eastern D Of New York
U.S.District Court
225 Cadman PLZ E
Clerk OF Court
Brooklyn, NY 11201
United States