**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
UNITED STATES OF AMERICA,

 

                                                   **MEMORANDUM & ORDER**

               -against-                                95-CR-438 (OEM)

SALVATORE CANDELA,

                        Defendant.

-------------------------------------------------------------------x
ORELIA E. MERCHANT, United States District Judge:

       Defendant Salvatore Candela ("Candela" or "Defendant") brings this *pro se* motion for

sentence reduction under 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines

("Guidelines") Amendments 782 and 788 (the "Drug Minus Two Amendments"). Defendant's

Motion for Sentence Reduction ("Def.'s Mot."), ECF 291.

       For the following reasons, Candela's motion is DENIED.

## BACKGROUND

       In the early 1990s, Candela was recruited by the Gambino crime family to assemble a crew

to perform hijackings and robberies. Presentence Investigation Report ("PSR") ¶ 47. Candela and

his crew went on to carry out numerous robberies, threatening drivers at gunpoint, and stealing

merchandise. *Id.* ¶ 48. Between 1991 and 1994, they performed robberies of other businesses and

trafficked narcotics and firearms. *Id.* ¶¶ 20-33. After a jury trial in 1996, Candela was convicted

of a total of 23 counts, including three counts of unlawful possession of a firearm during a crime

of violence in violation of 18 U.S.C. § 924(c); six counts of Hobbs Act robbery in violation of 18

U.S.C. § 1951; conspiracy to commit robbery; possession of stolen merchandise; three counts for

firearm trafficking; and nine counts for drug trafficking. *See* Pre-Sentence Investigation Report

("PSR"); ECF 211. In 1999, Candela was sentenced to 802 months imprisonment. Two-thirds of

that sentence, or 45 years, was attributable to stacked sentences of Candela's three convictions under 18 U.S.C. § 924(c). The remainder of Candela's sentence, 262 months (or 21.83 years), was based on a multiple count guideline analysis for his convictions on the robbery and conspiracy counts, stolen property count, gun trafficking counts, and drug trafficking counts. *See* PSR; s*ee* ECF 211.

On June 8, 2020, Candela filed a motion for sentence reduction related to the § 924(c) counts under 18 U.S.C. § 2582(c)(1)(A)(i), which authorizes courts to reduce a term of imprisonment upon a finding that that extraordinary and compelling reasons exist. ECF 274. Candela's motion was granted. Memorandum and Order, ECF 288. The Honorable Raymond Dearie ("Judge Dearie") found that the First Step Act's abolition of stacking § 924(c) convictions for sentencing purposes was an "extraordinary and compelling reason" that warranted a sentence reduction from 802 months to 480 months. *Id.* at 3. Judge Dearie acknowledged that Candela had made strides toward rehabilitation and no longer posed a danger to society but found that "some additional incarceration beyond the years Candela has already served is required to comply with Section 355(a)(2)'s sentencing objectives." *Id.* at 8-9.

Candela brings a second motion for sentence reduction arguing that he is now eligible for a two-point reduction in offense levels under the Drug Minus Two Amendments and, therefore, that his 260-month sentence on the non-§ 924(c) counts should be reduced to 210 months. Def.'s Mot. at 4. Candela urges the Court to consider a number of factors warranting reduction under 18 U.S.C. § 3353(a), including his advancing age, his completion of several educational courses (including basic French, beginners/advanced yoga, stocks, bonds, and trade analysis, NRDAP, real estate basics, and received his GED), and the fact that he has "turned his life over to God." *Id.* at 2. The government opposes, arguing that Candela is not eligible for a reduction because the Drug

2

Minus Two Amendments do not affect his Guidelines range and therefore his multiple count analysis is mistaken.  Government Motion in Opposition ("Gov't Opp."), ECF 5, at 1.

## LEGAL STANDARD

A defendant is eligible for a sentence reduction if he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see Dillon v. United States*, 560 U.S. 817, 821, 826 (2010).

The scope of resentencing authorized under 18 U.S.C. § 3582(c)(2) is "narrow." *Dillon*, 560 U.S. at 826.  In determining whether a defendant is eligible for reduction, the Court must "'determin[e] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing," and "'shall leave all other guideline application decisions unaffected.'" *Id.* at 827 (quoting U.S.S.G. § 1B1.10(b)(1)). Eligibility under this section is triggered only by an amendment listed in U.S.S.G. § 1B1.0(d) that lowers the applicable guideline range.[1]  U.S.S.G. § 1B1.0(a).  Furthermore, a defendant is not eligible for reduction if the amendment does not have the effect of lowering the applicable guideline range "because of the operation of another guideline or statutory provision." *Id.* Application Note 1; *accord  United States v. Jarvis*, 883 F.3d 18, 21 (2d Cir. 2018) ("We are bound by language in the Sentencing Commission's policy statement providing that a sentence reduction is not authorized if 'an amendment to the Guidelines range is applicable to the defendant

---

[1] Subsection (d) limits eligibility to reductions based on the following amendments: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, 750 (parts A and C only), 782 (subject to subsection (e)(1)), and 821 (parts A and B, subpart 1 only and subject to subsection (e)(2)).

but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision.") (citations omitted). "Moreover, the sentencing range that must have been changed to permit relief under § 3582(c)(2) is not the base offense level or any other intermediate step in the guideline calculation, but the bottom-line, final range that was the basis for the sentence." *Jarvis*, 883 F.3d at 21 (citation and internal quotation marks omitted).

The court must first determine the amended guideline range that would have been applicable to the defendant if the amendments to the guidelines had been in effect at the time the defendant was sentenced. *Dillon v. United States*, 560 U.S. 817, 827 (2010). Then, the court may consider the 18 U.S.C. § 3553(a) factors to determine whether it will exercise its discretion to reduce the defendant's sentence under the circumstances of the case. *Id.* Under Section 3553(a), the Court must consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need to "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). However, in order to be eligible for a reduction, "the [current] amended Sentencing Guidelines range must be lower than the range that was applied at sentencing[.]" *United States v. Vargas*, 74 F. Supp. 3d 601, 603 (S.D.N.Y. 2015).

## DISCUSSION

Candela's original sentence guideline range on his non-924(c) charges were calculated based on a multiple count guideline analysis pursuant to U.S.S.G.§ 3D1.4. That provision provides that the combined offense level is determined by taking the highest offense level of the group of charges included in the analysis and increasing the adjusted offense level based on how many "units" exist across counts. The number of "units" is calculated based on the number of grouped charges and their offense levels relative to the highest offense level.

4

Here, Candela's charges were grouped as required under U.S.S.G. § 3D1.2. This yielded a total of 15 groups – with a highest offense level of 34, based on Count 12 and Conspiracy Act 1C. *See* PSR. Based on the 15 charges and their varying offense levels, Candela earned 8 ½ "units." *See id.* at ¶ 53; *see also* U.S.S.G. § 3D1.4. Section 3D1.4 requires that any offender with over five units must have a five-level increase in offense level. U.S.S.G. § 3D1.4. Therefore, this took Candela's total offense level up to 39. *See* PSR at ¶ 53.

Candela is correct that Amendment 782, specifically §§ 841(b)(1)(A) and (b)(1)(B), has lowered the sentencing guideline range for certain of his drug-related convictions by two counts from a base offense level of 30 to 28. *See* Def.'s Mot. at 1.[2] However, Candela's drug convictions, counts 26 through 34, must be considered as part of the multiple count guideline analysis. *See Jarvis*, 883 F.3d at 22 (affirming district court's finding that 782 amendments did not affect final sentencing range because of the operation of the grouping rules in U.S.S.G. § 3D1.4). Candela's amended guideline range calculation, taking into consideration the two-level decrease to the offense level of his drug conviction, does not reduce the multiple count grouping analysis under U.S.S.G. § 3D1.4. Under the initial sentencing analysis, Candela's drug convictions made up only one unit. Under the post-amendment analysis, these charges are reduced to a ½ unit, leaving Candela with a total of eight units. However, as stated above, § 3D1.4 requires the addition of five offense levels for *five units or more*. Therefore, because the highest offense level remains 34, and Candela still has over five units, there is no change to the bottom line, final range that was the basis for Candela's original sentence. The guideline imprisonment range for an offense level of

---

[2] Amendments 782 lowers the base offense level on a drug sentence by two levels and Amendment 788 makes this two-level reduction retroactive. These amendments are colloquially referred to as the "Drugs Minus Two" Amendments.

39 and Candela's criminal history category I is 262-327 months imprisonment, the same range under which he was sentenced in 1999.

Candela argues in reply that his guideline range would be lower today because Count 12 of robbery was "merged into" Count 1(C) of conspiracy to commit robbery. Def.'s Reply at 2. He states that because conspiracy to commit a Hobbs Act robbery is no longer considered a crime of violence, *see United States v. Taylor*, 596 U.S. 845 (2022), its guideline range would be lower today – and subsequently Candela's total offense level would decrease under the multiple count analysis. *See* Def.'s Reply at 2. However, Candela was convicted of a *completed* Hobbs Act robbery in count 12, which still constitutes a crime of violence. *See United States v. McCoy*, 58 F.4th 72, 74 (2d Cir. 2023). Therefore, the fact that conspiracy to commit robbery is no longer a crime of violence does not affect Candela's guideline range. Further, Count 12 was not "merged into" Count 1(C) such that Count 12 dropped away. Rather, the charges were grouped together because the counts involve "substantially the same harm," U.S.S.G. § 3D1.2, and the offense level is determined by taking "the highest offense level of the counts in the group." *Id.* § 3D1.3(a).

Accordingly, a reduction in Candela's sentence is not authorized by 18 U.S.C. § 3582(c)(2), and Candela's motion must be denied. In light of this, the court need not consider the § 3553(a) factors. The Court notes Candela's efforts towards rehabilitation since being incarcerated and encourages him to continue to better himself during the remainder of his sentence.

## CONCLUSION

For the reasons stated, Candela's motion for a reduction in his sentence is DENIED.


SO ORDERED.

_____/s/_____
ORELIA E. MERCHANT
United States District Judge

Dated: November 19, 2024
       Brooklyn, New York